## CIRCUIT COURT OF THE CITY OF NORFOLK

Ricky Lee Hilton

v.

State Farm Mutual Automobile Ins. Co.

April 14, 1988

Case No. (Law) L86-2717

By JUDGE LEONARD B. SACHS

Counsel for plaintiff has moved to disqualify the law firm of Preston, Wilson & Crandley as counsel for the defendant, State Farm Mutual Automobile Liability Insurance Co. (hereinafter State Farm) because they will be necessary and material witnesses in this case. Plaintiff has also moved for production of the records dealing with the opinions given by the firm of Preston, Wilson & Crandley to State Farm on the issue of their duty to indemnify Ricky Hilton under the provisions of the uninsured motorist (hereinafter U.M.) coverage contained in his mother's policy of liability insurance and his sister's policy of liability insurance, both of which were issued by State Farm.

This is a suit on behalf of Ricky Lee Hilton against State Farm Automobile Liability Insurance Company (hereinafter State Farm) for compensatory damages and punitive damages alleging a breach of an insurance contract of uninsured motorist coverage.

Ricky Lee Hilton is an adult, multiple handicapped man afflicted with Down's Syndrome who is not competent to handle his own affairs.

Hilton was a passenger in a van taking him and others to a sheltered workshop on July 12, 1985, when he was seriously injured in an automobile collision at the intersection of Poplar Hall Road and Military Highway in the city of Norfolk. In a personal injury suit tried during the October term of this Court in 1986, the jury returned a verdict in favor of Ricky Hilton against Lillian Dawn Styron, the uninsured driver of the other automobile.

State Farm had issued a policy of automobile liability insurance dated July 12, 1985, to Jeannette Hilton, Ricky Hilton's mother, which included uninsured motorist coverage as required under the Virginia Uninsured Motorist Law, Section 38.1-381, Code of Virginia, 1950, as amended (now found in the Code as Section 38.2-2206).

Ricky Hilton is a member of the household of Jeanette Hilton. That policy was in effect on the date of accident and provided uninsured motorist coverage for $100,000 for each person and $300,000 for each accident.

In addition, the defendant had issued to Marjannah Lynne Hilton an automobile insurance policy number 3129077-A18-46D on or about December 13, 1984. This policy was in force at the time of the accident complained of.

Marjannah Lynne Hilton also lives with her mother, Jeanette Hilton, at 5004 Cullen Road, Virginia Beach, Virginia. She is the adult daughter of Jeanette Hilton and the sister of Ricky Hilton.

Her policy of automobile liability insurance also contained, as required, a provision for uninsured motorist coverage, and like her mother's policy, her U.M. coverage was for $100,000 for each person, $300,000 for each accident.

The plaintiff contends, therefore, that Ricky Lee Hilton is and was an insured, as a member of the same household of his mother and his sister under the provisions of each of the above-referenced automobile liability insurance policies and the uninsured motorist endorsement issued by the defendant, State Farm, to Jeanette Hilton and Marjannah Hilton, and that those policies can be stacked to provide $200,000 of U.M. coverage for Ricky.

The vehicle in which Ricky was a passenger was insured by Travelers Insurance Company. Settlement was made with the driver of the van prior to the trial against Styron.

According to the allegations set forth in the Motion for Judgment in this case, State Farm did not file pleadings either in its own name or in the name of the owner or operator of the uninsured motorist motor vehicle (Mrs. Styron). State Farm apparently, it is alleged, chose not to participate in the litigation of the accident claim at all but chose to allow the litigation to be defended solely by counsel for Travelers Insurance Company which insured the vehicle in which Ricky was a passenger. State Farm made no appearance in the automobile accident litigation which resulted in the verdict of $350,000 on behalf of Ricky Lee Hilton against Mrs. Styron.

After the jury returned the verdict on October 29th in favor of the plaintiff against the uninsured motorist defendant Styron in the amount of $300,000, the judgment became final and no appeal was ever taken by the defendant or anyone on behalf of the defendant from that judgment.

After the judgment was entered upon the verdict in favor of Ricky Lee Hilton against Mrs. Styron, claim was made on behalf of Ricky Hilton against State Farm as an insured under the policies issued to his mother, Jeanette, and his sister, Marjannah, seeking payment of the $100,000 uninsured motorist coverage for each policy. Medical payments made under those policies were claimed by the plaintiff or on behalf of the plaintiff and paid by State Farm.

The defendant, State Farm, has refused to pay Hilton under the uninsured motorist coverage, and this refusal has precipitated this lawsuit.

Plaintiff alleges that this is a breach of the contract for which plaintiff is owed $200,000 pursuant to the uninsured motorist coverage, compensatory damage as consequential damage for mental anguish arising out of the breach and "general damages for emotional distress and mental suffering," and "exemplary and punitive damages."

Plaintiff has also sued for costs and attorneys' fees.

The defendant has responded stating that upon the opinion and advice of counsel, they do not owe coverage to Hilton on that judgment.

The attorneys giving that opinion to the defendant are Mr. John G. Crandley and his law partner, Mr. Gilbert Wilson, of the law firm of Preston, Wilson & Crandley. Mr.

Crandley is the attorney defending this lawsuit for State Farm.

The plaintiff has filed a request for production to have Mr. Crandley and his law firm turn over certain documents to the plaintiff which bear on the decision and the reasons for the decision not to pay the claim. Mr. Crandley states that that would be a violation of the attorney-client privilege and that it is work product material which is not permitted under the provisions of Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia on discovery relating to trial preparation.

Plaintiff's counsel further takes the position and moves to have Mr. Crandley and his law firm disqualified as counsel in the case because it is the statement of counsel for the plaintiff that Mr. Crandley and his partner, Mr. Wilson, will be deposed as fact witnesses to determine the reasons for advising their client that they do not owe the debt which is claimed by the plaintiff arising out of the automobile liability insurance policies issued to Ricky Hilton's mother and sister. Mr. Crandley objects strenuously.

The Court holds that:

1. The firm of Preston, Wilson & Crandley are disqualified and cannot participate as counsel in this litigation for the reason that they are or may be necessary and material witnesses in this contract litigation.

2. D.R. 5-101(B) of the Virginia Code of Responsibility is controlling on this point and mandates the disqualification and withdrawal of the firm of Preston, Wilson & Crandley in this action.

All remaining undecided issues will be reserved pending the appearance of new counsel for State Farm at which time counsel for the parties will meet not later than May 15 in a pre-trial conference and prepare a stipulated agenda of all pending and unresolved issues and contact the court for a pre-trial conference with the Court not later than June 10, 1988, at which time the Court will set a discovery schedule and a trial date and specify further pre-trial schedules and procedures.